UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY JACOB MORALES BEY,<br><br>                              Plaintiff,<br><br>             -against-<br><br>OFFICER CARRILLO, BADGE #973983;<br>LIEUTENANT BAUTISTA; NYPD PRECINCT<br>#020; DEPARTMENT OF MOTOR VEHICLES<br>TRAFFIC VIOLATIONS DIVISION,<br><br>                              Defendants. | 25-CV-2099 (KMW)<br><br>ORDER OF DISMISSAL |

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction and alleging that Defendants violated his rights with respect to a traffic ticket. By order dated April 17, 2025, ECF No. 7, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] The IFP application that Plaintiff filed with this complaint included insufficient information. By order dated March 21, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to either pay the filing fees or submit an amended IFP application. Plaintiff filed an amended IFP application on March 28, 2025.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)(internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants,, *id*. at 475 (citation omitted), has its limits -– to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He invokes the Court's diversity of citizenship jurisdiction, alleging that he is a citizen of the "Moorish Nation America/Morocco" and providing New York employment addresses for the Defendants. (ECF 1, at 2, 4.) Plaintiff states that the events giving rise to his claims occurred on December 27, 2024.

(*Id*. at 5.) The following allegations are drawn from the complaint.[2] While traveling on West 60th Street, Plaintiff was allegedly detained by Defendants Bautista and Carrillo. (*Id.*) Plaintiff alleges that the officers accused Plaintiff of being in violation of "Statute 401(1)A, & 509(1),"[3] statutes which Plaintiff maintains are a "private policy," rather than laws that can be enforced. (*Id.*)

> Plaintiff alleges,
>
> The Department of Motor Vehicles Traffic Division is an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution; and that the officers does not, and did not provide 'Due Process' protected and secured for the People, by the Amendments IV, V, VI, VII, VIII, IX, and X of the United States Constitution to which judges and officers in every state is bound (by official oath) to support & to uphold. Any statutory regulation, ordinances, or law of any State, to the contrary, notwithstanding.

(*Id.* at 6.)

> Plaintiff alleges that Defendants,
>
> commanded that [Plaintiff] pay fines & costs imposed under T.D.C. with a 'man-of-straw'/misnomer word, misrepresented as implying my name, & types upon the order/instrument, & was improperly spelled. That misnomer & corporate-name, is clearly (an artificial person/entity). It is not me, the Natural Person, is a deliberate grammatical error intended for injury to me; and is clearly not of consanguine relationship to me or to my nationality.

(*Id.*)

Plaintiff accuses Defendants of committing fraud, a felony, and "treason." (*Id.*)

Although Plaintiff filed his claims as a civil action, he attaches to the complaint, as Exhibit A, a document labeled "Legal Notice of Removal from Municipal Court to Federal Court

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Section 401(1)(a) of the New York Vehicle and Traffic Laws requires drivers to register vehicles that are driven on public highways, and Section 509(1) requires drivers in New York to be licensed. *See* N.Y. Veh. & Traf. Law §§ 401(1)(a), 509(1).

Pursuant to Title 28 § 1441-§1446 Proper Article III Jurisdiction." (*Id.* at 8.) That document includes references to "The Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States" and various pseudo-legal and pseudo-historical arguments. The document reiterates the facts alleged in the complaint, including Plaintiff's allegation that, by capitalizing his name on a traffic ticket or court documents, Defendants were referring to "an artificial person/entity" and not to Plaintiff. (*Id.* at 10.)

> Plaintiff requests that,
>
> this United States Supreme Court view this Affiant (in my Proper Person) as a Moorish American National (Natural Born Citizen of the Land) and not as a (brand) NEGRO, BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or any other SLAVE TITLE or 'nom de guerre' imposed upon me for misrepresentation 'Actions' or other acts of "Misprision" that a misdirected society may 'believe' to be true.

(*Id.* at 18.)

Plaintiff further states in that document that he is seeking money damages.

## DISCUSSION

**A.     Plaintiff's claims are frivolous**

In his submission, Plaintiff alleges that he cannot be held liable for the traffic violations for which he was arrested because traffic laws are a "private policy," the Department of Motor Vehicles is an "unconstitutional, private corporation," and that, by capitalizing his name on the charging instrument, Defendants were referring to a "man-of-straw" and an "an artificial person/entity," rather than to Plaintiff. (*Id.* at 5.) Plaintiff's claims relate to a common sovereign citizen or "redemptionist" argument that a name in all capital letters refers to a separate legal entity. Proponents of these theories believe that "when a person's name is spelled . . . with initial capital letters and small letters, [it] represents the 'real person' . . . [and w]henever a person's

4

name is written in total capitals, . . . only [a] 'strawman' is referenced, and the flesh and blood person is not involved." *Santana v. United States*, Nos. 16-CV-5750 (PKC), 13-CR-0536 (PKC), 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017) (quotation marks and citation omitted). Courts have explained the underpinning of these ideas:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (citation omitted). Advocates of such claims tend to "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. Feb. 14, 2013).

The arguments Plaintiff asserts in the complaint have been consistently rejected by federal courts as without merit and as frivolous. *See, e.g.*, *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-CV-0180, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (collecting cases that have rejected as meritless or frivolous the argument that "differences in capitalization of a person's name create separate legal entities"); *Harris v. Colombo*, No. 17-CR-0202, 2017 WL 1206262, at *2 (W.D. Mich. Apr. 3, 2017) (dismissing as "patently frivolous" plaintiff's claims that capitalizing his name created a "fictitious legal entity"); *Muhammad v. Smith*, No. 3:13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."). Because Plaintiff's claims are "based on an

indisputably meritless legal theory," *Livingston*, 141 F.3d at 437, the Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.     Removal of Plaintiff's criminal proceedings**

To the extent that, by attaching a notice of removal to his complaint, Plaintiff seeks to remove to this court his state court criminal proceedings arising from the traffic violations, his request is denied. To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

This notice of removal is improper. Criminal cases that may be removed to federal court include criminal prosecutions commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

6

Plaintiff does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not assert any facts showing that he cannot enforce his federal equal rights in his state court criminal proceeding. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). "That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id*.

The Court therefore concludes that removal is not proper, and remands the action to state court.[4] *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Plaintiff seeks to remove his state court criminal proceedings to this court, his request is denied as improper, and the case is remanded to the state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[4] Nowhere in the complaint or the attached notice of removal does Plaintiff specify the state court in which his criminal proceedings are pending.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: June 10, 2025
       New York, New York

                                              /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                           United States District Judge